UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MONEE YOUNG,

        Plaintiff,

                                                          Civil No. _____

vs.

ACHIEVEMENT FIRST, INC.;
ACHIEVEMENT FIRST BUSHWICK
ELEMENTARY SCHOOL; and COURTNEY
SARETZKY,

        Defendants.
_____

**TO:**   **United States District Court**
       **Southern District of New York**

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1441 and 1446, and Local Rule 81.1, defendants Achievement First, Inc., Achievement Bushwick Elementary School and Courtney Saretzky, by their attorneys, Goldberg Segalla LLP, submit this Notice of Removal from the Supreme Court, State of New York, County of Bronx, in which the above-captioned matter is now pending, to the United States District Court for the Southern District of New York.  In support of said Notice, defendants state as follows:

### <u>Procedural History</u>

1.     Plaintiff commenced this action in Supreme Court, County of Bronx on March 20, 2018.  The Complaint did not allege any federal claims.  On May 4, 2018, defendants submitted their answer.  Plaintiff filed her First Amended Complaint in the Supreme Court, State of New York, County of Bronx, on or about March 20, 2020.  Defendants assert that they first received a

copy of the First Amended Complaint within the past 30 days.  A copy of the First Amended

Complaint filed in State Court is attached hereto as Exhibit A.  All pleadings that have been filed

and exchanged are attached as Exhibit A.

**Jurisdiction and Basis for Removal**

2.     Notice of Removal is filed pursuant to 28 U.S.C. §1441 *et seq.* to remove the state

court action entitled *Young v Achievement First, Inc. et. al.,* Supreme Court, Bronx County,

Index No. 23247/2018E  (the "State Court Action") to the United States District Court for the

Southern District of New York, which has original jurisdiction over this action on the basis that

it involves a claim or right arising under the Constitution pursuant to 28 U.S.C. §§1331, 1441(b).

3.     This Notice of Removal is filed with this Court within thirty (30) days of the

defendants' receipt of plaintiff's First Amended Complaint. By email, dated March 25, 2020,

defendants agreed to plaintiff amending the compliant and accepted service.  That email is

attached as Exhibit C.

4.     As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being

served upon plaintiff, by and through her attorney of record, and will be filed with the Clerk of

the Court of the State of New York Supreme Court, County of Bronx, Bronx County Clerk's

Office, Index Number 23247/2018E.

5.     Copies of all pleadings served upon defendant in the State of New York Supreme

Court, County of Bronx, Index No. 23247/2018E, are attached hereto as Exhibit A.

6.     This Court has original jurisdiction over the above-entitled cause of action

pursuant to 28 U.S.C. sections 1331 and 1343(a) as plaintiff's claim concerns a federal question,

to wit: alleged violation of 42 USC section 1981 due to alleged race discrimination and the

action may therefore be removed to this Court pursuant to 28 U.S.C. sec. 1441(b).

7.     Pursuant to 28 U.S.C. sec. 1441(c), because a separate and independent Federal Claim conferred by 28 U.S.C. sec. 1331 exists, removal of all claims against all defendants is warranted.

8.     Based on the foregoing and as set forth more fully in the attached First Amended Complaint, it is respectfully submitted that plaintiff's federal claim and state claims share a common nucleus of operative facts, such that plaintiff should be expected to try them all on one judicial proceeding. Therefore, it is respectfully submitted that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. sec. 1367(a) over all defendants and plaintiff's state claims in order to advance judicial economy, convenience, comity and fairness to the litigants.

9.     Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal is being given to the plaintiff by serving a copy hereof upon her counsel by email as requested by plaintiff's counsel (See Exhibit B). A copy of this Notice of Removal will also be filed with the Clerk of the Court of the State of New York Supreme Court, County of Bronx, Bronx County Clerk's Office, Index Number 23247/2018E once the New York State Administrative Judge's order barring filing is lifted.

10.     This notice is being filed with this Court within thirty (30) days of the receipt by defendants of a copy of the First Amended Complaint setting forth the claim for relief upon which such action or proceeding is based.

WHEREFORE, Defendants respectfully request that the above-entitled action be removed from Supreme Court of the State of New York, Bronx County, to this Court.

Dated: Albany, New York     Respectfully submitted,
   March 26, 2020

             GOLDBERG SEGALLA LLP


            By: */s/Jonathan M. Bernstein*
              Jonathan M. Bernstein, Esq.
              *Attorneys for Defendant*
              Bar No. JB1818
              8 Southwoods Blvd.
              Albany, New York 12211
              518-935-4240
              jbernstein@goldbergsegalla.com


To:  Edward Keenan, Esq. via email
   Keenan & Bhatia, LLC
   *Attorneys for Plaintiff*
   90 Broad Street, Suite 200
   New York, New York 10004
   917-975-5278
   ee@keenanfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of defendant's Notice of Removal in the above-captioned matter was served upon the following, on the 26th day of March, 2020, via email to ee@keenanfirm.com:

> Edward Keenan, Esq.
> Keenan & Bhatia, LLC
> *Attorneys for Plaintiff*
> 90 Broad Street, Suite 200
> New York, New York 10004

I further certify that a copy defendant's Notice of Removal will be electronically filed with the Bronx County Clerk's Office and Supreme Court Clerk's Office when the Chief Administrative Judge's Order is retracted and electronic filling is allowed.

Dated: Albany, New York          GOLDBERG SEGALLA LLP
       March 26, 2020

By:  */s/Jonathan M. Bernstein*
     Jonathan M. Bernstein, Esq.
     *Attorneys for Defendant*
     8 Southwoods Blvd.
     Albany, New York 12211
     518-935-4240
     jbernstein@goldbergsegalla.com

641058.2

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------

Monee Young,

                                        Plaintiff(s),

                    -against-

Achievement First, Inc.;
Achievement First Bushwick Elementary School; and
Courtney Saretzky,

                                        Defendant(s).

-----------------------------------------------

Index No.

**Summons**

Date Index No. Purchased:   March 20, 2018

To the above named Defendant(s)

> Achievement First, Inc., 125 Covert St, Brooklyn, NY 11207
> Achievement First Bushwick Elementary School, 125 Covert St, Brooklyn, NY 11207
> Courtney Saretzky, 125 Covert St, Brooklyn, NY 11207

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is   Plaintiff's residence and domicile which is   located in Bronx County, New York.

Dated: New York, New York

         March 20, 2018

                    Keenan & Bhatia, LLC

                    by _____
                       Edward (E.E.) Keenan
                    Attorneys for Plaintiff
                    Monee Young

                    90 Broad Street
                    Suite 200
                    New York, NY 10038
                    Tel: (917) 975-5278
                    ee@keenanfirm.com

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

-----------------------------------------------------------------x

MONEE YOUNG,

        Plaintiff,

        -against-

ACHIEVEMENT FIRST, INC.;
ACHIEVEMENT FIRST BUSHWICK
ELEMENTARY SCHOOL; and
COURTNEY SARETZKY,

        Defendants.

-----------------------------------------------------------------x

COMPLAINT

Index No. _____

Place of Trial: Bronx County

Plaintiff Monee Young, by and through undersigned counsel, states the following for her

Complaint against Defendants Achievement First Brooklyn Elementary School, Achievement

First Inc., and Courtney Saretzky, on personal knowledge as to her own acts and observations, and

on information and belief as to all other matters.

## THE PARTIES

1.    Plaintiff Monee Young resides in Bronx, New York, and is a citizen of New York.

She was formerly employed by Defendants as a teacher at Achievement First Bushwick.

2.    Defendant Achievement First Bushwick Elementary School is a school approved

by New York State to operate in Brooklyn, New York. It is wholly-owned and/or controlled by

Defendant Achievement First, Inc. Achievement First Bushwick Elementary school is believed to

be a citizen of New York.

3.    Defendant Achievement First, Inc., is a corporation which engages in the education

business, including the running of schools. Achievement First, Inc., is believed to be a citizen of

Connecticut.

1

4.    Achievement First Bushwick Elementary School and Achievement First, Inc., operate in tandem and are functionally the same with respect to Plaintiff Monee Young's employment. They are referred to together as "Achievement First" in this complaint, unless otherwise specified.

5.    Defendant Courtney Saretzky was the Principal of Achievement First Bushwick when Plaintiff Monee Young was employed there. Defendant Saretzky terminated Plaintiff's employment, and Saretzy aided and abetted the actions of Achievement First, and acted as an agent of Achievement First in terminating Young; she is accordingly a suable person under the New York City Human Rights Law. Saretzky resides in the State of New York, and is a citizen of New York.

6.    Defendants acted in one another's interest with respect to Plaintiff, and as one another's agents, such that the acts of one may be imputed to all Defendants. Unless otherwise specified, the allegations here relate to all Defendants.

## JURISDICTION AND VENUE

7.    Plaintiff Monee Young previously was employed by Defendants. She was an employee, and Defendants were employers or agents of employers, within the meaning of the New York City Human Rights Law, N.Y.C. Admin Code § 8-107 et seq.

8.    This Court has subject matter jurisdiction under the Civil Practice Law and Rules and the New York City Human Rights Law. No federal court has subject matter jurisdiction, as this case raises no claim under federal law, there is not complete diversity of citizenship, and one or more Defendants are citizens of the forum state.

9.    This Court has personal jurisdiction over all Defendants as, among other matters, the acts and events giving rise to this action occurred in New York State.

2

10.   Venue is proper as Plaintiff resides in Bronx County.

## **FACTUAL BACKGROUND**

11.   Plaintiff Monee Young was hired as a teacher in Achievement First's Bushwick-based elementary school.

12.   Young was qualified for her position, and performed to any reasonable expectations of her employer.

13.   Young had had prior disagreements with management, and management had criticized her, but these incidents did not disqualify her from performing her job, and management had not terminated her based on any of these incidents.

14.   On or about June 2, 2017, while Young was working at Achievement First, she walked down the hallway while clapping her hands.

15.   This gesture was not threatening or physically aggressive; it did not violate any work rules.

16.   Achievement First and Saretzky nonetheless construed this gesture as threatening, and Achievement First and Saretzky took disciplinary action against Young based on that gesture.

17.   This reaction reflected false stereotypes about African-Americans being more aggressive than whites.

18.   Young told Saretzky, who is white, that she believed that this disciplinary action reflected racial bias.

19.   Within days of Young's complaint, on or about June 9, 2017, Achievement First and Saretzky terminated Young's employment.

20.   Afterwards, Defendants withheld Young's academic work product that she needed for an advanced degree program she was completing.

3

21.    As a result of Defendants withholding this work product, Young was unable to graduate on time.

22.    Young thereafter applied for New York State unemployment benefits, and Achievement First contested those benefits.

23.    Young has suffered damages, including loss of pay and benefits and emotional distress, as a result of Defendants' actions.

24.    Defendants acted with willful or wanton negligence, recklessness, and/or a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard, in that Defendants allowed bias and stereotypes to affect their actions, and after Young complained of bias, they took deliberate retaliatory action against her.

## CLAIMS

### FIRST CAUSE OF ACTION
### Violation of the New York City Human Rights Law,
### N.Y.C. Admin. Code § 8-107 et seq.
### Race Discrimination

25.    Young incorporates each and every foregoing and succeeding paragraph of this Complaint as if fully set forth here.

26.    Young is African-American.

27.    Defendants took adverse action against Young, including but not limited to termination of her employment.

28.    Young's race was a motivating or other causally-sufficient factor in Defendants' actions; among other things, Defendants' actions reflected bias because their perceptions of Young's body language as aggressive (when it was not) reflects false racial stereotypes of African-Americans as being more physically-aggressive than whites.

4

29.     As a direct and proximate result of Defendants' unlawful actions, Young has been damaged and continues to suffer damages, including but not limited to loss of pay and emotional distress.

30.     Young prays that the Court find Defendants liable for race discrimination, and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

### SECOND CAUSE OF ACTION
### Violation of the New York City Human Rights Law,
### N.Y.C. Admin. Code § 8-107 et seq.
### Retaliation

31.     Young incorporates each and every foregoing and succeeding paragraph of this Complaint as if fully set forth here.

32.     Young engaged in activity protected by the New York City Human Rights Law, including but not necessarily limited to the fact that she told Defendants that she believed that the way she was being treated reflected racial bias.

33.     Defendants took adverse action against Young because of her protected activity, ultimately terminating her employment, withholding her academic work product, and then contesting her application for unemployment benefits.

34.     As a direct and proximate result of Defendants' unlawful actions, Young has been damaged and continues to suffer damages, including loss of pay and benefits and emotional distress.

35.     Young prays that this Court find Defendants liable for retaliation, and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

5

## PRAYER FOR RELIEF

Plaintiff Monee Young prays that the Court enter an award in her favor, find that

Defendants violated the New York City Human Rights Law, and grant all relief allowed under

law, including but not limited to:

A.      Actual economic damages, including lost wages and benefits, adjusted for

promotional opportunities lost;

B.      Actual non-economic damages, including damages for emotional distress;

C.      Punitive damages and civil penalties;

D.      Attorney's fees, expert fees, and costs;

E.      Reinstatement, backpay, and/or frontpay;

F.      An order that Defendants cease and desist from all discriminatory practices and

revise Young's personnel records to remove all negative references; and

G.      Any other and/or further relief permitted by law.

Dated: March 20, 2018                    Respectfully submitted,
       New York, New York

                                         KEENAN & BHATIA, LLC


                                         By: _____
                                         Edward (E.E.) Keenan
                                         90 Broad Street, Suite 200
                                         New York, NY 10004
                                         Tel: (917) 975-5278
                                         ee@keenanfirm.com

                                         ATTORNEY FOR PLAINTIFF

6

FILED: BRONX COUNTY CLERK 05/04/2018 03:30 PM      INDEX NO. 23247/2018E

NYSCEF DOC. NO. 3                                    RECEIVED NYSCEF: 05/04/2018

STATE OF NEW YORK
SUPREME COURT          COUNTY OF BRONX

_____

MONEE YOUNG,

                              Plaintiff,          **ANSWER**

 - against -                                       **Index No.: 23247/2018E**

ACHIEVEMENT FIRST, INC.;
ACHIEVEMENT FIRST BUSHWICK                         *Jury Trial Demanded*
ELEMENTARY SCHOOL; and
COURTNEY SARETZKY,

                              Defendants.

_____

Defendants, Achievement First, Inc., incorrectly named Achievement First
Bushwick Elementary School and Courtney Saretzky, by and through their attorneys, Goldberg
Segalla, LLP, as and for an Answer, state as follows:

1.     Deny knowledge or information sufficient to form a belief as to the truth
or falsity of the allegations contained in paragraphs "1", "2", "3" and "4" of the Complaint.

2.     Admit that Courtney Saretzky was and is Principal of Achievement First
Bushwick Elementary School when Plaintiff was employed there, that she terminated Plaintiff
from employment, that she resides in New York and is a citizen of New York, and otherwise,
deny the remainder of paragraph "5", except deny knowledge or information sufficient to form a
belief as to the truth or falsity as to Defendant Saretzky being an agent of Achievement First.

3.     Deny knowledge or information sufficient to form a belief as to the truth
or falsity of the allegations contained in paragraphs "6" and "7" of the Complaint.

4.     Deny the allegations contained in paragraph "8" of the Complaint, as
questions of law are for the Court to decide.

8865958.1

FILED: BRONX COUNTY CLERK 05/04/2018 03:30 PM          INDEX NO. 23247/2018E

NYSCEF DOC. NO. 3                                                    RECEIVED NYSCEF: 05/04/2018

5.    Deny the allegations contained in paragraph "9" of the Complaint.

6.    Deny the allegations contained in paragraph "10" of the Complaint, as questions of law are for the Court to decide.

7.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "11" of the Complaint.

8.    Deny the allegations contained in paragraph "12" of the Complaint.

9.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "13", "14", "15", and "16" of the Complaint.

10.    Deny the allegations contained in paragraph "17" of the Complaint.

11.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "18" and "19" of the Complaint.

12.    Deny the allegations contained in paragraphs "20" and "21" of the Complaint.

13.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "22" of the Complaint.

14.    Deny the allegations contained in paragraphs "23" and "24" of the Complaint.

15.    With respect to the allegations set forth in paragraph numbered "25" of the Complaint, the answering Defendants repeat and reallege each and every response to the paragraphs numbered '1" through "24" as if more fully set forth herein.

16.    Admit the allegations contained in paragraph "26" of the Complaint.

17.    Deny the allegations contained in paragraph "27", "28", "29 and "30" of the Complaint.

8865958.1

FILED: BRONX COUNTY CLERK 05/04/2018 03:30 PM          INDEX NO. 23247/2018E
NYSCEF DOC. NO. 3                                        RECEIVED NYSCEF: 05/04/2018

18.     With respect to the allegations set forth in paragraph numbered "31" of the Complaint, the answering Defendants repeat and reallege each and every response to the paragraphs numbered "1" through "30" of the Complaint.

19.     Deny the allegations contained in paragraphs "32", "33", "34" and "35" of the Complaint.

20.     Any allegation not specifically addressed above is hereby denied.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

21.     Plaintiff failed to mitigate her damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

22.     That at those times mentioned and described in the Plaintiff's Complaint, answering Defendants were governmental officials performing discretional functions and their conduct did not violate clearly established statutory or constitutional rights of which a reasonable man would or should have known and that by reason thereof they were qualifiedly immune from liability in this office.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

23.     Upon information and belief, any award for punitive damages based upon vague and undefined standards of liability would violate the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1, and the Due Process Clause of the New York State Constitution, Article 1, Section 6.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

24.     Upon information and belief, any award of punitive damages based upon any standard of proof less than "clear and convincing" evidence would violate the Due Process

8865958.1

FILED: BRONX COUNTY CLERK 05/04/2018 03:30 PM          INDEX NO. 23247/2018E

NYSCEF DOC. NO. 3                                                RECEIVED NYSCEF: 05/04/2018

Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process

Clause of the New York State Constitution, Article 1, Section 6.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

25.    Upon information and belief, any award for punitive damages would be in

denial of the answering Defendants' right to equal protection of the laws as guaranteed by the

Fourteenth Amendment to the United States Constitution and the New York State Constitution,

as the absence of adequate and objective standards for the assessment of punitive damages fails

to ensure the equality of treatment between similarly situated civil Defendants and equality of

treatment between criminal Defendants and civil Defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

26.    Upon information and belief, any award of punitive damages would

violate the answering Defendants' Due Process Rights embraced by the Fifth and Fourteenth

Amendments to the United States Constitution and the New York Constitution, as a punitive

damage award would constitute a deprivation of property without due process of law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

27.    Upon information and belief, Plaintiff is not entitled to recover punitive

damages demanded in the Plaintiff's Complaint as the awarding of same would be in violation of

the answering Defendants' rights under the Constitution of the United States of America and

under the Constitution of New York and, more particular, but not exclusively, in violation of this

Defendants' right to substantive and procedural due process.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

28.    That at those times mentioned and described in the Plaintiff's Complaint,

the answering Defendants were government officials performing discretionary function and their

8865958.1

FILED: BRONX COUNTY CLERK 05/04/2018 03:30 PM

INDEX NO. 23247/2018E
NYSCEF DOC. NO. 3
RECEIVED NYSCEF: 05/04/2018

conduct did not violate clearly established statutory or constitutional rights of which a reasonable man would or should have known or that by reason thereof they were qualified immune from liability in this action.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

29.     Plaintiff's demand for the recovery of punitive damages of the individual answering Defendants in their official capacity fail to state a claim or cause of action pursuant to *City of Newport v. Fact Concerts*, 453 U.S. 247 (1981).

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

30.     The conduct of any answering Defendants were undertaken in good faith and without malice, and therefore, is protected under the doctrines of qualified and/or absolute immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

31.     Plaintiff lacks standing.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

32.     Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

33.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or filing periods.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

34.     Plaintiff's claims are barred, in whole or in part, or her recoverable damages should be reduced, because she failed to take reasonable steps to mitigate her damages.

8865958.1

FILED: BRONX COUNTY CLERK 05/04/2018 03:30 PM

NYSCEF DOC. NO. 3

INDEX NO. 23247/2018E

RECEIVED NYSCEF: 05/04/2018

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

35.    Plaintiff did not suffer any damages attributable to any actions of the Defendants.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

36.    There is no basis, legal or factual, for Plaintiff's claim for attorney's fees and/or costs.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

37.    There is no basis, legal or factual, for Plaintiff's claim for compensatory damages.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

38.    There is no basis, legal or factual, for Plaintiff's claim for punitive damages.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

39.    Plaintiff's Compliant is barred as she failed to prepare a notice of claim that names each defendant and failed serve each defendant with a notice of claim both as required by law.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

40.    Plaintiff's Complaint is barred, in whole or in part, by the doctrines of laches, waiver, release, misrepresentation, and/or unclean hands.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

41.    Defendants' decisions and/or actions regarding Plaintiff were at all times legitimate and were done for non-discriminatory reasons and not for any unlawful reason.

8865958.1

FILED: BRONX COUNTY CLERK 05/04/2018 03:30 PM                    INDEX NO. 23247/2018E

NYSCEF DOC. NO. 3                                                  RECEIVED NYSCEF: 05/04/2018

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

42. The Complaint is barred, in whole or in part, as to any matters not contained in Plaintiff's administrative charges, and/or by the failure to satisfy, exhaust, and/or comply with the necessary statutory and/or administrative prerequisites prior to the commencement of this action.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

43. Any employment relationship that may have existed between Plaintiff and Defendants was "at-will" and Plaintiff could be terminated at any time, with or without cause.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

44. Insofar as Plaintiff purports to allege a claim or claims for emotional, mental or physical injuries, said claims are barred by the exclusive remedy provision of the New York Workers' Compensation Act.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

45. Some or all of Plaintiff's claims against Defendant Courtney Saretzky are barred because Plaintiff cannot prove facts that would establish any individual liability and/or her claims against Defendant Courtney Saretzky are not actionable as a matter of law under the statutes pursuant to which Plaintiff has asserted claims and/or based on the facts plead.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

46. Defendant Courtney Saretzky cannot be held individually liable because she did not aid or abet any discrimination.

8865958.1

FILED: BRONX COUNTY CLERK 05/04/2018 03:30 PM
NYSCEF DOC. NO. 3

INDEX NO. 23247/2018E
RECEIVED NYSCEF: 05/04/2018

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

47.  To the extent that Defendants' actions were motivated, in part, by unlawful reasons, which Defendants expressly deny, Defendants would have taken the same actions with respect to Plaintiff for legitimate business reasons.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

48.  Plaintiff's claims are barred because, at all relevant times, Defendant had anti-harassment policies in effect and Plaintiff failed, in whole or in part, to avail herself of those policies, failed to bring her Complaint to the attention of Defendants, and/or refused to meaningfully participate in the execution of those policies.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

49.  Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

50.  Plaintiff's cause of action is barred, in whole or in part, by her own actions.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

51.  Some or all of the claims in the Complaint may be barred, in whole or in part, by the doctrine of avoidable consequences.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

52.  Defendants at all times exercised good-faith efforts to comply with all applicable federal, state and local laws.

8865958.1

FILED: BRONX COUNTY CLERK 05/04/2018 03:30 PM

NYSCEF DOC. NO. 3

INDEX NO. 23247/2018E

RECEIVED NYSCEF: 05/04/2018

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

53.     Defendant alleges that to the extent that, during the course of the litigation, it acquires any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment and would have resulted in Plaintiff not being hired or being either demoted, disciplined, or terminated, such after-acquired evidence shall bar or limit Plaintiff's claims for liability and/or damages.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

54.     Plaintiff's claims are barred by the "same actor" defense because she was allegedly hired and terminated by the same individual(s) whom she claims discriminated against her.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

55.     In the event Defendant is found liable based on the conduct of one or more of its employees or agents, its damages should be mitigated as it has established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees or agents, including but not limited to, a meaningful and responsive procedure for investigating complaints of discriminatory practices by employees or agents and for taking appropriate action against those persons who are found to have engaged in such practices.

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

56.     In the event Defendant is found liable based on the conduct of one or more of its employees or agents, its damages should be mitigated as it has established and complied with policies, programs and procedures for the prevention and detection of unlawful

8865958.1

FILED: BRONX COUNTY CLERK 05/04/2018 03:30 PM INDEX NO. 23247/2018E

NYSCEF DOC. NO. 3                                                    RECEIVED NYSCEF: 05/04/2018

discriminatory practices by employees or agents, including but not limited to, a firm policy against such practices which is effectively communicated to employees and agents.

## AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

57.    In the event Defendant is found liable based on the conduct of one or more of its employees or agents, its damages should be mitigated as it has established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees or agents, including but not limited to, a program to educate employees and agents about unlawful discriminatory practices under local, state and federal law.

## AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

58.    In the event Defendant is found liable based on the conduct of one or more of its employees or agents, its damages should be mitigated as it has established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees or agents, including but not limited to, procedures for the supervision of employees and agents specifically directed at the prevention and detection of such practices.

## AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

59.    In the event Defendant is found liable based on the conduct of one or more of its employees or agents, its damages should be mitigated as it has a record of no, or relatively few, prior incidents of discriminatory conduct by such employee or agent, or other employees or agents per NYC Admin. Code § 8-107(13)(d)-(e).

8865958.1

FILED: BRONX COUNTY CLERK 05/04/2018 03:30 PM   INDEX NO. 23247/2018E

NYSCEF DOC. NO. 3   RECEIVED NYSCEF: 05/04/2018

### AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

60.    The Court lacks personal jurisdiction as Plaintiff has failed to effectuate service on each defendant.

### AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

61.    The Complaint should be dismissed due to defective service.

### AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

62.    The Court lacks subject matter jurisdiction

WHEREFORE, Defendants, Achievement First, Inc., incorrectly named Achievement First Bushwick Elementary School and Courtney Saretzky, demand judgment dismissing the Complaint and of the Plaintiff herein, together with the costs and disbursements of this action.

DATED:    Albany, New York
          May 2, 2018

                              GOLDBERG SEGALLA, LLP

                              By_____
                                   Jonathan M. Bernstein
                              *Attorneys for Defendants, Achievement First, Inc.,*
                              *Incorrectly named Achievement First Bushwick*
                              *Elementary School and Courtney Saretzky*
                              8 Southwoods Boulevard
                              Suite 300
                              Albany, New York 12211
                              (518) 463-5400

TO:    Edward (E.E.) Keenan, Esq.
       Keenan & Bhatia, LLC
       *Attorneys for Plaintiff*
       90 Broad Street, Suite 200
       New York, NY 10004

8865958.1

FILED: BRONX COUNTY CLERK 05/04/2018 03:30 PM                 INDEX NO. 23247/2018E

NYSCEF DOC. NO. 3                                              RECEIVED NYSCEF: 05/04/2018

STATE OF NEW YORK
SUPREME COURT          COUNTY OF BRONX

MONEE YOUNG,

                                      Plaintiff,

  - against -                                          **Index No.: 23247/2018E**

ACHIEVEMENT FIRST, INC.;
ACHIEVEMENT FIRST BUSHWICK                             *Jury Trial Demanded*
ELEMENTARY SCHOOL; and
COURTNEY SARETZKY,

                                      Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2018, I electronically filed the foregoing ANSWER,

with the Clerk of the Supreme Court, County of Bronx, New York, using its CM/ECF system,

which would then electronically notify the following CM/ECF participants on this case:

    Edward (E.E.) Keenan, Esq.
    Keenan & Bhatia, LLC
    *Attorneys for Plaintiff*
    90 Broad Street, Suite 200
    New York, NY 10004

And, I hereby certify that I have mailed the foregoing by the United States Postal

Service, to the following participants:

    N/A

                              /s/ *Carol A. Libertucci*
                              Carol A. Libertucci
                              Goldberg Segalla LLP
                              8 Southwoods Boulevard, Suite 300
                              Albany, New York 12211
                              518-463-5400
                              clibertucci@goldbergsegalla.com

8865958.1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

------------------------------------------------------------------x

MONEE YOUNG,

        Plaintiff,

        -against-

ACHIEVEMENT FIRST, INC.;
ACHIEVEMENT FIRST BUSHWICK
ELEMENTARY SCHOOL; and
COURTNEY SARETZKY,

        Defendants.

------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Index No. 23247/2018E

Place of Trial: Bronx County

        Plaintiff Monee Young, by and through undersigned counsel, states the following for her First Amended Complaint against Defendants Achievement First Brooklyn Elementary School, Achievement First Inc., and Courtney Saretzky, on personal knowledge as to her own acts and observations, and on information and belief as to all other matters.

## THE PARTIES

        1.    Plaintiff Monee Young resides in Bronx, New York, and is a citizen of New York. She was formerly employed by Defendants as a teacher at Achievement First Bushwick.

        2.    Defendant Achievement First Bushwick Elementary School is a school approved by New York State to operate in Brooklyn, New York. It is wholly-owned and/or controlled by Defendant Achievement First, Inc. Achievement First Bushwick Elementary School is believed to be a citizen of New York.

        3.    Defendant Achievement First, Inc., is a corporation which engages in the education business, including the running of schools. Achievement First, Inc., is believed to be a citizen of Connecticut.

1

4.      Achievement First Bushwick Elementary School and Achievement First, Inc., acted in concert and are referred to together as "Achievement First" in this complaint, unless otherwise specified.

5.      Defendant Courtney Saretzky was the Principal of Achievement First Bushwick when Plaintiff Monee Young was employed there.  Defendant Saretzky terminated Plaintiff's employment, and Saretzy aided and abetted the actions of Achievement First, and acted as an agent of Achievement First in terminating Young; she is accordingly a suable person under the New York City and State Human Rights Law and Section 1981.  Saretzky resides in the State of New York, and is a citizen of New York.

6.      Defendants acted in one another's interest with respect to Plaintiff, and as one another's agents, such that the acts of one may be imputed to all Defendants.  Unless otherwise specified, the allegations here relate to all Defendants.

## JURISDICTION AND VENUE

7.      Plaintiff Monee Young previously was employed by Defendants.  She was an employee, and Defendants were employers or agents of employers, within the meaning of the New York City Human Rights Law, N.Y.C. Admin Code § 8-107 et seq., and also within the coverage of 42 U.S.C. § 1981 and N.Y. Exec. Law § 296.

8.      This Court has subject matter jurisdiction under the Civil Practice Law and Rules and the New York City and State Human Rights Law.

9.      This Court has personal jurisdiction over all Defendants as, among other matters, the acts and events giving rise to this action occurred in New York State.

10.     Venue is proper as Plaintiff resides in Bronx County.

## **FACTUAL BACKGROUND**

11.     Plaintiff Monee Young was hired as a teacher in Achievement First's Bushwick-based elementary school.

12.     Young was qualified for her position, and performed to any reasonable expectations of her employer.

13.     Young had had prior disagreements with management, and management had criticized her, but these incidents did not disqualify her from performing her job, and management had not terminated her based on any of these incidents.

14.     On or about June 2, 2017, while Young was working at Achievement First, she walked down the hallway while clapping her hands.

15.     This gesture was not threatening or physically aggressive; it did not violate any work rules.

16.     Achievement First and Saretzky nonetheless construed this gesture as threatening, and Achievement First and Saretzky took disciplinary action against Young based on that gesture.

17.     This reaction reflected false stereotypes about African-Americans being more aggressive than whites.

18.     Young told Saretzky, who is white, that she believed that this disciplinary action reflected racial bias.

19.     Within days of Young's complaint, on or about June 9, 2017, Achievement First and Saretzky terminated Young's employment.

20.     Afterwards, Defendants withheld Young's academic work product that she needed for an advanced degree program she was completing.

21.     As a result of Defendants withholding this work product, Young was unable to graduate on time.

22.     Young thereafter applied for New York State unemployment benefits, and Achievement First contested those benefits.

23.     Young has suffered damages, including loss of pay and benefits and emotional distress, as a result of Defendants' actions.

24.     Defendants acted with willful or wanton negligence, recklessness, and/or a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard, in that Defendants allowed bias and stereotypes to affect their actions, and after Young complained of bias, they took deliberate retaliatory action against her.

## CLAIMS

### FIRST CAUSE OF ACTION
### Violation of 42 U.S.C. § 1981
### Race Discrimination

25.     Young incorporates each and every foregoing and succeeding paragraph of this Complaint as if fully set forth here.

26.     Young is African-American.

27.     Defendants took adverse action against Young, including but not limited to termination of her employment.

28.     Young's race was a motivating or other causally-sufficient factor in Defendants' actions; among other things, Defendants' actions reflected bias because their perceptions of Young's body language as aggressive (when it was not) reflects false racial stereotypes of African-Americans as being more physically-aggressive than whites.

4

29.     As a direct and proximate result of Defendants' unlawful actions, Young has been damaged and continues to suffer damages, including but not limited to loss of pay and emotional distress.

30.     Young prays that the Court find Defendants liable for race discrimination, and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

## SECOND CAUSE OF ACTION
### Violation of 42 U.S.C. § 1981
### Retaliation

31.     Young incorporates each and every foregoing and succeeding paragraph of this Complaint as if fully set forth here.

32.     Young engaged in activity protected by 42 U.S.C. § 1981, including but not necessarily limited to the fact that she told Defendants that she believed that the way she was being treated reflected racial bias.

33.     Defendants took adverse action against Young because of her protected activity, ultimately terminating her employment, withholding her academic work product, and then contesting her application for unemployment benefits.

34.     As a direct and proximate result of Defendants' unlawful actions, Young has been damaged and continues to suffer damages, including loss of pay and benefits and emotional distress.

35.     Young prays that this Court find Defendants liable for retaliation, and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

### THIRD CAUSE OF ACTION
**Violation of the New York State Human Rights Law,**
**N.Y. Exec. Law § 296**
**Race Discrimination**

36.     Young incorporates each and every foregoing and succeeding paragraph of this Complaint as if fully set forth here.

37.     Young is African-American.

38.     Defendants took adverse action against Young, including but not limited to termination of her employment.

39.     Young's race was a motivating or other causally-sufficient factor in Defendants' actions; among other things, Defendants' actions reflected bias because their perceptions of Young's body language as aggressive (when it was not) reflects false racial stereotypes of African-Americans as being more physically-aggressive than whites.

40.     As a direct and proximate result of Defendants' unlawful actions, Young has been damaged and continues to suffer damages, including but not limited to loss of pay and emotional distress.

41.     Young prays that the Court find Defendants liable for race discrimination, and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

### FOURTH CAUSE OF ACTION
**Violation of the New York State Human Rights Law,**
**N.Y. Exec. Law § 296**
**Retaliation**

42.     Young incorporates each and every foregoing and succeeding paragraph of this Complaint as if fully set forth here.

43.     Young engaged in activity protected by the New York State Human Rights Law, including but not necessarily limited to the fact that she told Defendants that she believed that the way she was being treated reflected racial bias.

44.     Defendants took adverse action against Young because of her protected activity, ultimately terminating her employment, withholding her academic work product, and then contesting her application for unemployment benefits.

45.     As a direct and proximate result of Defendants' unlawful actions, Young has been damaged and continues to suffer damages, including loss of pay and benefits and emotional distress.

46.     Young prays that this Court find Defendants liable for retaliation, and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

**FIFTH CAUSE OF ACTION**
**Violation of the New York City Human Rights Law,**
**N.Y.C. Admin. Code § 8-107 et seq.**
**Race Discrimination**

47.     Young incorporates each and every foregoing and succeeding paragraph of this Complaint as if fully set forth here.

48.     Young is African-American.

49.     Defendants took adverse action against Young, including but not limited to termination of her employment.

50.     Young's race was a motivating or other causally-sufficient factor in Defendants' actions; among other things, Defendants' actions reflected bias because their perceptions of Young's body language as aggressive (when it was not) reflects false racial stereotypes of African-Americans as being more physically-aggressive than whites.

7

51.     As a direct and proximate result of Defendants' unlawful actions, Young has been damaged and continues to suffer damages, including but not limited to loss of pay and emotional distress.

52.     Young prays that the Court find Defendants liable for race discrimination, and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

**SIXTH CAUSE OF ACTION**
**Violation of the New York City Human Rights Law,**
**N.Y.C. Admin. Code § 8-107 et seq.**
**Retaliation**

53.     Young incorporates each and every foregoing and succeeding paragraph of this Complaint as if fully set forth here.

54.     Young engaged in activity protected by the New York City Human Rights Law, including but not necessarily limited to the fact that she told Defendants that she believed that the way she was being treated reflected racial bias.

55.     Defendants took adverse action against Young because of her protected activity, ultimately terminating her employment, withholding her academic work product, and then contesting her application for unemployment benefits.

56.     As a direct and proximate result of Defendants' unlawful actions, Young has been damaged and continues to suffer damages, including loss of pay and benefits and emotional distress.

57.     Young prays that this Court find Defendants liable for retaliation, and grant all relief permitted by law, as set forth in the Prayer in this Complaint.

## PRAYER FOR RELIEF

Plaintiff Monee Young prays that the Court enter an award in her favor, find that Defendants violated Section 1981 and the New York City and State Human Rights Laws, and grant all relief allowed under law, including but not limited to:

A.      Actual economic damages, including lost wages and benefits, adjusted for promotional opportunities lost;

B.      Actual non-economic damages, including damages for emotional distress;

C.      Punitive damages and civil penalties;

D.      Attorney's fees, expert fees, and costs;

E.      Reinstatement, backpay, and/or frontpay;

F.      An order that Defendants cease and desist from all discriminatory practices and revise Young's personnel records to remove all negative references; and

G.      Any other and/or further relief permitted by law.

Dated: March 20, 2020
      New York, New York

Respectfully submitted,

KEENAN & BHATIA, LLC

By:  ___/s/ E.E. Keenan_____
Edward (E.E.) Keenan
90 Broad Street, Suite 200
New York, NY  10004
Tel:  (917) 975-5278
ee@keenanfirm.com

ATTORNEY FOR PLAINTIFF

## AFFIRMATION OF SERVICE

     I affirm under penalty of perjury service of the foregoing by e-filing via NYSCEF, which will automatically transmit notice to all parties of record through their counsel contemporaneous with the date of filing.


     By: ___/s/ E.E. Keenan_____
     Attorney for Plaintiff

# EXHIBIT B

EXHIBIT B

**From:** E.E. Keenan <ee@keenanfirm.com>
**Sent:** Wednesday, March 25, 2020 9:43 AM
**To:** Bernstein, Jonathan M. <jbernstein@goldbergsegalla.com>
**Subject:** Limited Availability RE: Young/Achievement First

Thank you so much for your message.

The Keenan & Bhatia law firm is open during the COVID-19 situation.  We are mostly working from home.  Because we have limited access to physical mail at the office, we kindly request that you email any documents as it will ensure we see them sooner and will reduce the need to handle documents.

We wish you, your loved ones, and your community the best in safety and health.

Kind regards,

The Team at Keenan & Bhatia, LLC


--
Edward Emmett Bhatia ("E.E.") Keenan
Attorney
Keenan & Bhatia, LLC

New York Office
90 Broad Street, Suite 200
New York, NY  10004
Tel:  (917) 975-5278

Kansas City Office
929 Walnut Street, Suite 5107
Kansas City, MO  64106

1

Tel: (816) 809-2100

**Note: Please send all paper correspondence to the New York office.**

E-mail: ee@keenanfirm.com
Visit us online at www.keenanfirm.com

The information contained in this message, including any attachments, metadata, and information contained in messages replying to this message, are privileged and confidential. This message is intended only for the use of the named recipient(s) and the attorney-client and attorney work-product privileges are not waived by virtue of this having been sent by email. If you receive this message in error, you are strictly prohibited from, and it may be illegal to, copy, distribute or use the information. If you have received the foregoing email in error, please contact the sender immediately at (816) 809-2100, and delete the original message from your system.

Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from us to you or vice versa, (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or our computers or even some computer unconnected to either of us which the e-mail passed through. We are communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let us know immediately.

# EXHIBIT C

EXHIBIT C

**From:**                Bernstein, Jonathan M.
**Sent:**                Wednesday, March 25, 2020 2:37 PM
**To:**                  'E.E. Keenan'
**Cc:**                  Meinhold, Lori J.
**Subject:**         RE: Young/Achievement First

Dear E.E.,

This email will confirm that defendants consent to the First Amended Compliant and your March 20, 2020 email supplying a copy of the First Amendment Complaint is sufficient service.

Defendants agreeing to accept service of the First Amended Complaint is not to be deemed a waiver of their defenses and opposition to the allegations in the First Amended Complaint. Defendants preserve all defenses included jurisdictional or otherwise.

Thank you,

Jonathan

**Jonathan M. Bernstein, Esq.** | **Partner**
DIRECT 518.935.4240 | EXT 5240 | MOBILE 518.894.4667
8 Southwoods Boulevard, Suite 300 | Albany, NY 12211-2364

**From:** E.E. Keenan <ee@keenanfirm.com>
**Sent:** Friday, March 20, 2020 8:25 PM
**To:** Bernstein, Jonathan M. <jbernstein@goldbergsegalla.com>; Sonal Keenan Bhatia <sonal@keenanfirm.com>; Julia Gokhberg <julia@keenanfirm.com>
**Subject:** Young/Achievement First

**ATTENTION: This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.**

Hi Jonathan,

I hope you and your family are doing well and staying safe in the midst of all of this.

As you may have seen, we just filed a motion to amend the complaint in this matter to add claims under Section 1981 and the state human rights law. We put in a return date of April 17, but if you need more time just let us know.

If your client consents to amendment of the complaint, just let me know and I can file it by stipulation. The proposed First Amended Complaint is attached.

Best wishes and stay happy and healthy!

Kind regards,

E.E.

--
Edward Emmett Bhatia ("E.E.") Keenan
Attorney
Keenan & Bhatia, LLC

New York Office
90 Broad Street, Suite 200
New York, NY  10004
Tel:  (917) 975-5278

Kansas City Office
929 Walnut Street, Suite 5107
Kansas City, MO  64106
Tel: (816) 809-2100

**Note: Please send all paper correspondence to the New York office.**

E-mail: ee@keenanfirm.com
Visit us online at www.keenanfirm.com

The information contained in this message, including any attachments, metadata, and information contained in messages replying to this message, are privileged and confidential. This message is intended only for the use of the named recipient(s) and the attorney-client and attorney work-product privileges are not waived by virtue of this having been sent by email. If you receive this message in error, you are strictly prohibited from, and it may be illegal to, copy, distribute or use the information. If you have received the foregoing email in error, please contact the sender immediately at (816) 809-2100, and delete the original message from your system.

Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from us to you or vice versa, (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or our computers or even some computer unconnected to either of us which the e-mail passed through. We are communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let us know immediately.